101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Darien PUGHE, Defendant-Appellant.
 No. 95-1385.
 United States Court of Appeals, Second Circuit.
 March 26, 1996.
 
 1
 APPEARING FOR APPELLANT: Bruce McIntyre, McIntyre & Pope, New York, New York.
 
 
 2
 APPEARING FOR APPELLEE: Dolan Garrett, Assistant United States Attorney for the Eastern District of New York, Brookyln, New York.
 
 
 3
 E.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Before LUMBARD and MAHONEY, Circuit Judges, and OWEN, District Judge.*
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 7
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 8
 1. Defendant-appellant Darien Pughe appeals from a judgment entered June 22, 1995 upon a jury verdict that convicted him of carjacking in violation of 18 U.S.C. § 2119. Pughe was sentenced to 162 months imprisonment and three years supervised release, and required to pay a special assessment of $50. On appeal, Pughe contends that the district court committed reversible error by refusing to permit him to call a witness and by declining to adopt the proposed language of a jury instruction on eyewitness identification. Pughe also contests the district court's calculation of his sentence.
 
 
 9
 2. Pughe claims that the district court denied him his Fifth Amendment right to due process of law by refusing to permit him to subpoena a witness whose testimony allegedly would have impeached the credibility of Stanley Robinson, a government witness. Pughe had initially raised this issue after the government rested its case, when Pughe's counsel stated that he "would like to reserve my resting until tomorrow" in order to subpoena a witness that night whose testimony "may be of marginal value." The court ruled that Pughe could do so, but Pughe failed to issue the subpoena and rested his case the next morning after the charge conference and after the court determined that summations were to begin immediately after lunch. However, Pughe renewed the application to call the unidentified witness when summations were about to begin. The district court denied this application, stating to defense counsel that he had "had that information all along. It's too late. If you want to put it on the record get an affidavit and I'll hear him after the verdict if it is adverse to your client." Pughe never presented such an affidavit to the court.
 
 
 10
 3. In our view, the district court did not abuse its discretion in denying Pughe the opportunity to call this witness. The application was vague, inexcusably delayed, and described by Pughe as having "marginal value." Even at this juncture, we are not advised as to the identity of this witness or the substance of the testimony that he would provide. Given the circumstances, Pughe has no legitimate claim that Judge Weinstein erred in this ruling. See United States v. Blum, 62 F.3d 63, 67 (2d Cir.1995) (although due process accords defendants right to present a defense, "judges are accorded 'wide latitude' in excluding evidence ... that is 'repetitive or only marginally relevant' " (quoting Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)); see also United States v. Beverly, 5 F.3d 633, 641 (2d Cir.1993) ("To demonstrate an abuse of ... discretion, a defendant must demonstrate arbitrary action that substantially impaired the defense.").
 
 
 11
 4. Pughe argues that the district court erred in refusing to adopt Pughe's proposed instruction on eyewitness identification. Because his entire defense turned on whether the jury would credit the victim's identification of him, Pughe claims that he was entitled to more explicit language instructing the jury that (1) proper identification was an important issue in this case, and (2) whether or not the eyewitness himself was free from doubt as to his identification of Pughe, the jury must be satisfied beyond a reasonable doubt that the witness properly identified Pughe. We conclude that the district court properly instructed the jury on eyewitness identification, and did not abuse its discretion in refusing to give the specific language requested by Pughe. See United States v. Luis, 835 F.2d 37, 40 (2d Cir.1987) ("[W]hen the judge's charge fairly and accurately encompasses the theory of the defense, we have affirmed a judgment of conviction."); see also id. at 41 (applying "flexible approach" to issue whether trial court abused its discretion in refusing to give special witness identification charge).
 
 
 12
 5. Finally, Pughe contends that the district court committed three errors in computing his sentence: (1) that it counted a sentence imposed for another conviction that was subsequently reversed; (2) that the court incorrectly concluded that he had committed the instant offense while on escape status; and (3) that the court counted as a prior sentence an incident for which he was neither indicted nor convicted. However, Pughe did not raise these issues before the district court. "Generally, issues not raised in the trial court, including sentencing issues, will be deemed waived on appeal in the absence of '[p]lain errors or defects affecting substantial rights.' " United States v. Keppler, 2 F.3d 21, 23 (2d Cir.1993) (quoting Fed.R.Crim.P. 52(b) (alteration in Keppler )). We find no plain error in the district court's calculation of Pughe's sentence.
 
 
 
 *
 The Honorable Richard Owen, United States District Judge for the Southern District of New York, sitting by designation